## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PENNSYLVANIA FAMILY INSTITUTE, INC., RONALD N. COHEN and CHARLES L. STUMP,

      Plaintiffs,

v.

THOMAS C. BLACK, III, in his official capacity as a Member of the Pennsylvania Judicial Conduct Board; CHARLES A. CLEMENT, in his official capacity as a Member of the Pennsylvania Judicial Conduct Board; PATRICK JUDGE, in his official Member of the Pennsylvania Judicial Conduct Board; G. CRAIG LORD, in his official capacity as a Member of the Pennsylvania Judicial Conduct Board; CHARLENE R. MCABEE, in her official capacity as a Member of the Pennsylvania Judicial Conduct Board, in his official capacity as a Member of the Pennsylvania Judicial Conduct Board; JACK A. PANNELLA, in his official capacity as a Member of the Pennsylvania Judicial Conduct Board; CAROLYN W. "RAVEN" RUDNITSKY, in her official capacity as a Member of the Pennsylvania Judicial Conduct Board; MARK C. SCHULTZ, in his official capacity as a Member of the Pennsylvania Judicial Conduct Board; THOMAS A. WALLITSCH, in his official capacity as a Member of the Pennsylvania Judicial Conduct

Civil Action No. _____

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Board; JAMES R. WEAVER, in his official )
capacity as a Member of the Pennsylvania )
Judicial Conduct Board; PAUL J. KILLION, )
in his official capacity as Chief Disciplinary )
Counsel of the Pennsylvania Office of )
Disciplinary Counsel, PAUL J. BURGOYNE, )
in his official capacity as Deputy Chief )
Disciplinary Counsel of the Pennsylvania )
Office of Disciplinary Counsel; ANTHONY P. )
SODROSKI, in his official capacity as )
Disciplinary Counsel in Charge of the District I )
Office of the Pennsylvania Office of )
Disciplinary Counsel; RAYMOND W. )
WIERCISZEWSKI, in his official capacity as )
Disciplinary Counsel in Charge of the )
District II Office of the Pennsylvania Office of )
Disciplinary Counsel; EDWIN W. FRESE, JR., )
in his official capacity  as Disciplinary Counsel )
in Charge of the District III Office of the )
Pennsylvania Office of Disciplinary Counsel; )
and ANGELEA ALLEN MITAS, in her official )
capacity as Disciplinary Counsel in Charge of )
the District IV Office of the Pennsylvania )
Office of Disciplinary Counsel. )
                                                         )
                                                         )
        **Defendants.** )

---

# VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

**COME NOW** Plaintiffs Pennsylvania Family Institute, Inc. ("PFI"), Ronald N. Cohen and Charles L. Stump, and, for their Complaint against the Defendants, state the following:

# INTRODUCTION

1.      This is a civil action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States. It concerns the constitutionality of portions of the Pennsylvania Judicial Canon 7B(1)(c) and Rule 15D(3) of the Rules Governing Standards of Conduct of District Justices and Pennsylvania Judicial Canon 3(C)(1) and Rule 8A of the Rules Governing Standards of Conduct of District Justices.

2.      Specifically, Canon 7B(1)(c) and Rule 15D(3) provide that judicial candidates "should not make *pledges or promises* of conduct in office other than the faithful and impartial performance of the duties of the office" or "make statements that *commit or appear to commit* the candidate with respect to cases, controversies or issues that are likely to come before the court . . . ." (emphases added).

3.      The pledges and promises clauses and their commits clauses, both on their face and as applied to the 2005 Candidate Questionnaire are unconstitutional in that they infringe upon constitutionally protected free speech and association. Canon 7B(1)(c) and Rule 15D(3) chill judicial candidates' free speech in the overbreadth and vagueness of their language and in their application to the 2005 Candidate Questionnaire by prohibiting candidates from expressing their views on legal and political issues, and thus, from responding to the 2005 Pennsylvania Family Institute Judicial Candidate Questionnaire ("2005 Candidate Questionnaire") that seeks to ascertain the candidates' views on issues. As a consequence, Canon 7B(1)(c) and Rule 15D(3) also inhibit PFI from receiving judicial candidates' responses to the questions and from publishing any substantive responses for

fear of exposing responsive candidates to discipline, to this degree prohibiting PFI, its members, and other interested citizens from receiving and publishing candidates' political speech and prohibiting PFI from exercising its freedom of speech.

**4.** This case also concerns the constitutionality of Pennsylvania Judicial Canon 3(C)(1) and Rule 8A of the Pennsylvania's Rules Governing Standards of Conduct of District Justices.

**5**. Plaintiffs complain that Canon 3C(1) and Rule 8A as applied to the 2005 Candidate Questionnaire violate the First Amendment, insofar as they can be applied to prevent judges who have exercised their right to announce their views on disputed legal and political issues from hearing cases that address the issues on which they have spoken.

**6.** Specifically, Canon 3C(1) and Rule 8A require a judge to disqualify himself or herself in a proceeding in which the judge's "impartiality might reasonably be questioned." Defendants will enforce this Canon and Rule against judicial candidates who announce their views on disputed legal and political issues. Because of the vagueness and overbreadth of Canon 3C(1) and Rule 8A, judges are forced to choose between speech and their duties, and PFI is forced to decide between silence and publishing judicial candidates' responses and potentially subjecting those candidates to discipline – a choice that chills free speech and association – thereby violating the First and Fourteenth Amendments to the United States Constitution.

## Jurisdiction and Venue

**7.** This action arises under Section 1 of the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the Constitution of the United States.

**8.** The jurisdiction of this Court over the claims arising under 42 U.S.C. § 1983 is founded upon 28 U.S.C. § 1343(a). The jurisdiction over the claims arising under the First and Fourteenth Amendments is founded upon 28 U.S.C. §§ 1331 and 1343(a).

**9.** Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## Parties

**10.** Plaintiff Pennsylvania Family Institute, Inc. ("PFI") is a non-profit corporation incorporated in the Commonwealth of Pennsylvania. PFI is not associated with any political candidate, political party, or campaign committee. PFI headquarters are located in the City of Harrisburg in the County of Dauphin. The Articles of Incorporation and By-Laws of PFI are attached as Exhibits A and B respectively. Plaintiff PFI intends and intended to use its 2005 Pennsylvania Family Institute Judicial Candidate Questionnaire ("2005 Candidate Questionnaire") to gather and publish judicial candidates' views on legal and political issues.

**11.** Plaintiff Ronald N. Cohen is an individual and resident of the Commonwealth of Pennsylvania. He lives in Wrightsville, Pennsylvania, in the County of York.

**12.** Plaintiff Charles L. Stump is an individual and resident of the Commonwealth of Pennsylvania. He lives in the City of Centre Hall, in the County of Centre.

**13.** The Defendants are the members of the Pennsylvania Judicial Conduct Board, sued in their official capacity: Thomas C. Black, III, Charles A. Clement, Patrick Judge, G. Craig Lord, Charlene R. McAbee, Jack A. Panella, Carolyn W. "Raven" Rudnitsky, Mark C. Schultz, Thomas A. Wallitsch, and James R. Weaver. The Pennsylvania Constitution, Article V, § 18, establishes the Board and empowers the Board to receive and investigate complaints regarding judicial conduct filed by individuals or initiated by the Board, to determine whether probable cause exists to file formal charges against a judicial officer, and to present its case in support of the filed charges before the Pennsylvania Court of Judicial Discipline.

**14.** Also as Defendants are the Disciplinary Counsel of the Pennsylvania Office of Disciplinary Counsel sued in their official capacity: Chief Disciplinary Counsel Paul J. Killion, Deputy Chief Disciplinary Counsel Paul J. Burgoyne, District I Office Disciplinary Counsel in Charge Anthony P. Sodroski, District II Office Disciplinary Counsel in Charge Raymond W. Wierciszewski, District III Office Disciplinary Counsel in Charge Edwin W. Frese, Jr., and District IV Office Disciplinary Counsel in Charge Angelea Allen Mitas. Pennsylvania Rule of Professional Conduct 8.2 (c) provides that a "lawyer who is a candidate for judicial office shall comply with the applicable provisions of Canon 7 of the Code of Judicial Conduct." Pennsylvania Rule of Disciplinary Enforcement 207(b) provides that Disciplinary Counsel "shall have the power and duty" to act, in effect, as prosecutors in any matter involving alleged violation of the Code of Professional Conduct. Rule 102(a) defines "Disciplinary Counsel" as the "Chief Disciplinary Counsel and assistant disciplinary counsel."

## Facts

**15.**     Plaintiff PFI, among other things, gathers information and publishes questionnaires to educate its members and other citizens about candidates for public office. PFI intends to publish responses to its 2005 Candidate Questionnaire of judicial candidates before the November 8, 2005, election. In addition, PFI intends to publish on its web site the responses of future judicial candidates to identical questionnaires to be sent to judicial candidates in future elections.

**16.**     Plaintiffs Ronald N. Cohen and Charles L. Stump are Pennsylvania residents and registered voters in the cities of Wrightsville and Centre Hall, respectively. In both of their election districts, judicial candidates running for election in 2005 have refused to answer the 2005 Candidate Questionnaire, invoking Judicial Canons 7B(1)(c) and 3(C)(1) and Rule 15D(3) of the Rules Governing Standards of Conduct of District Justices as grounds for refusing to do so. Both Plaintiffs Ronald N. Cohen and Charles L. Stump want to receive information from PFI regarding the views of judicial candidates for whom they were eligible to vote in November of 2005, and they likewise want to receive such information in subsequent elections in order to make informed voting decisions.

**17.**     On September 2, 2005, PFI mailed an explanatory cover letter and a "2005 Pennsylvania Family Institute Judicial Candidate Questionnaire" to all Pennsylvania judicial candidates. *See* Cover Letter and 2005 Candidate Questionnaire attached as Exhibits C and D respectively. The 2005 Candidate Questionnaire explained that responses to the 2005 Candidate Questionnaires were due by September 23, 2005.

**18.** PFI received 20 responses from judicial candidates. Of these, 15 of the 20 candidates declined to respond to all or some, but at least one, of the questions of the 2005 Candidate Questionnaire. *See* 2005 Candidate Questionnaire responses attached at Exhibit E. Virtually all of the candidates declining to respond did so by specifically adopting the following statement, which was included as an explanation in the 2005 Candidate Questionnaire, as their reason for doing so:

> This response indicates that I believe that I am prohibited from answering this question by Canon 7(B)(1)(c) of the Pennsylvania Canons of Judicial Conduct, which states that judicial candidates may not "make pledges or promises of conduct in office" or "make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court," and that I will have to disqualify myself as judge in any proceeding concerning this matter on account of Canon 3(C)(1) because my "impartiality might reasonably be questioned" if I answered this question.

**19.** Because PFI wanted to receive substantive responses from judicial candidates, it asked Pennsylvania's Judicial Conduct Board whether judicial candidates could respond to the 2005 Candidate Questionnaire without fear of discipline. *See* Exhibit F. However, in correspondence dated October 13, 2005, the Chief Counsel of the Judicial Conduct Board responded that it is prohibited from advising whether judicial candidates could respond. *See* Exhibit G. Similarly, in correspondence dated October 13, 2005, PFI asked the Judicial Ethics Committee of the Pennsylvania Conference of State Trial Judges whether judicial candidates could respond to the 2005 Candidate Questionnaire without fear of discipline. *See* Exhibit H. However, in correspondence dated October 14, 2005, the Chair of the Judicial Ethics Committee stated that the Committee would "only give advice

to those individuals subject to the Code [of Judicial Conduct] and those opinions are confidential to the advisees." *See* Exhibit I. PFI thus exhausted all extra-judicial means at its possible disposal to resolve this matter before proceeding to file this Complaint.

20. PFI wants to publish information on the views of judicial candidates on legal and political issues in order to educate and inform its members and other citizens. It wishes to accomplish this by receiving and publishing information from the judicial candidates regarding their views on disputed political and legal issues, as in questions of the 2005 Candidate Questionnaire. *See* Exhibit E.

21. However, Canon 7B(1)(c) and Rule 15D(3), both on their face and as applied, chill judicial candidates' exercise of their free speech rights and free association. Judicial candidates are unable to make their views known so that the electorate may intelligently evaluate the candidates' personal qualities and their positions on vital public issues before choosing among them on election day. *Buckley v. Valeo*, 424 U.S. 1, 52-53 (1976). Judicial candidates cannot tell the public their views on disputed political and legal issues. *Republican Party of Minnesota v. White*, 536 U.S. 765, 788 (2002). By prohibiting judicial candidates from exercising their freedom of speech on legal and political issues of concern to the voters, Canon 7B(1)(c) and Rule 15D(3) require judicial candidates to withhold essential or important information from the voters as they seek to educate themselves and participate fully in democracy.

22. As a result of Canon 7B(1)(c) and Rule 15D(3), although PFI and its members would like to publish and distribute the answers to the 2005 Candidate Questionnaire, PFI and its members are now unable to fully exercise their free speech and association rights

to receive and publish political information, since the judicial candidates must refuse to answer the questions in the 2005 Candidate Questionnaire. Further, if PFI publishes the substantive responses it has received, it fears it will subject responsive judicial candidates to discipline.

**23.** In addition, Plaintiffs Ronald N. Cohen and Charles L. Stump wish to receive the information PFI would like to publish and distribute so as to educate themselves and meaningfully participate in the election process, but are unable to because judicial candidates must refuse to answer the questions in the 2005 Candidate Questionnaire and PFI fears it will expose the responsive judicial candidate to discipline if it publishes the answers it has received from candidates. As such, the free speech and association rights of Plaintiffs Ronald N. Cohen and Charles L. Stump are violated.

**24.** Pennsylvania Judicial Canon 3C(1) and Rule 8A of the Rules Governing Standards of Conduct of District Justices require a judge to disqualify himself or herself in a proceeding in which the judge's "impartiality might reasonably be questioned."

**25.** However, Canon 3C(1) and Rule 8A, as applied to the 2005 Candidate Questionnaire, violate judges' free speech and association rights. Judges are inappropriately presumed to be partial on an issue because of a previous statement about a particular side of the issue, when they may, in fact, have reconsidered their position. *White*, 536 U.S. at 783. By requiring judges to recuse themselves because of statements made during the election process, Canon 3C(1) and Rule 8A, as applied to the 2005 Candidate Questionnaire, force judicial candidates to refrain from speaking on issues essential to voters' decision-making process during elections, and force PFI to refrain from

publishing any answers it receives, thereby violating Plaintiffs' free speech and free association rights.

26. Immediate and irreparable injury, loss, and damage has occurred and will continue to occur as a result of the application of the pledges and promises clauses and the commits clauses of Judicial Canon 7B(1)(c) and Rule 15D(3), as well as the application of the disqualification requirements of Canon 3C(1) and Rule 8A, to responses to the 2005 Candidate Questionnaire, thus chilling Plaintiffs' free speech and free association rights.

27. Plaintiffs have no adequate remedy at law.

## COUNT I

**CANON 7B(1)(c)'S AND RULE 15D(3)'S "PLEDGES AND PROMISES" CLAUSES AND "COMMITS" CLAUSES ARE, ON THEIR FACE, UNCONSTITUTIONALLY VAGUE AND OVERBROAD, PROHIBITING AND CHILLING JUDICIAL CANDIDATES' PROTECTED POLITICAL SPEECH AND IMPINGING ON PLAINTIFFS' FREEDOM OF SPEECH AND ASSOCIATION.**

28. Plaintiffs reallege the preceding paragraphs.

29. Canon 7B(1)(c) and Rule 15D(3) provide that judicial candidates "should not make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office" or "make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court . . . ."

30. A "statute or regulation must fail for vagueness if it 'forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily

guess at its meaning.'" *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 225 (3d Cir. 2004) (*quoting Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)).

31.     Canon 7B(1)(c) and Rule 15D(3) do not adequately define their pledges and promises clauses or their commits clauses since judicial candidates who wish to engage in constitutionally protected speech by announcing their views on disputed political and legal issues believe that these clauses prevent them from making such announcements. *See* 2005 Candidate Questionnaire Responses attached at Exhibit E. Likewise, PFI fears that judicial candidates who have answered the questionnaire will be subject to discipline for announcing their views and has refrained from publishing their responses as a consequence. As such, Canon 7B(1)(c) and Rule 15D(3) chill speech and are vague, unconstitutional regulations of protected political speech under the First and Fourteenth Amendments.

32.     An overbroad law is to be facially invalidated if the burden it places on protected speech "is not only real, but 'substantial as well, judged in relation to the statute's plainly legitimate sweep.'" *ACLU v. Ashcroft*, 322 F.3d 240, 266 (3d Cir. 2003) (*quoting Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973)); *North Dakota Family Alliance v. Bader*, 361 F. Supp.2d 1021, 1038 (D. N.D. 2005).

33.     Canon 7B(1)(c) and Rule 15D(3) sweep constitutionally protected announcements of personal views on disputed legal and political issues within the sphere of prohibited speech under the Canon and Rule, deterring judicial candidates from announcing their views and deterring PFI from publishing any answers judicial candidates have given announcing their views. Thus, the Canon and Rule are overbroad,

unconstitutional regulations of protected political speech under the First and Fourteenth Amendments. *See White,* 536 U.S. at 788.

## COUNT II

**CANON 7B(1)(c)'S AND RULE 15D(3)'S "PLEDGES AND PROMISES" CLAUSES AND "COMMITS" CLAUSES, AS APPLIED TO THE 2005 CANDIDATE QUESTIONNAIRE, UNCONSTITUTIONALLY PROHIBIT AND CHILL JUDICIAL CANDIDATES' PROTECTED POLITICAL SPEECH AND PLAINTIFFS' FREEDOM OF SPEECH AND ASSOCIATION.**

**34.** Plaintiffs reallege the preceding paragraphs.

**35.** Canon 7B(1)(c) and Rule 15D(3) provide that judicial candidates "should not make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office" or "make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court . . . ."

**36.** PFI's 2005 Candidate Questionnaire asks judicial candidates to announce their views on disputed political and legal issues. Such announcements are protected political speech under *White,* 536 U.S. at 788.

**37.** Canon 7B(1)(c)'s and Rule 15D(3)'s "pledges and promises" clauses and "commits" clauses, as applied to the 2005 Candidate Questionnaire, sweep judicial candidates' announced personal views on disputed legal and political issues into the sphere of speech prohibited by the Pennsylvania Canons and Rules, and thus constitute an unconstitutionally overbroad application of rules governing judicial political

campaign speech and association, *see Buckley v. Illinois Judicial Inquiry Bd.*, 997 F.2d 224, 231 (7th Cir. 1993), and are in direct violation of *White*, 536 U.S. at 788.

38.     Further, judicial candidates fear that Canon 7B(1)(c) and Rule 15D(3),  as applied to the 2005 Candidate Questionnaire,  prohibit them from responding to the 2005 Candidate Questionnaire.  Likewise, PFI fears that the judicial candidate who answered the 2005 Candidate Questionnaire may be exposed to disciplinary proceedings for violation of this Canon and Rule, even though the 2005 Candidate Questionnaire only asks judicial candidates to announce their views on disputed legal and political issues. As a consequence, the "pledges and promises" clauses and "commits" clauses of 7B(1)(c) and Rule 15D(3) are vague in application, constituting unconstitutional regulation of protected political speech and association, in violation of the First and Fourteenth Amendments of the United States Constitution.

## COUNT III

### CANON 3C(1)'S AND RULE 8A'S JUDICIAL DISQUALIFICATION REQUIREMENTS ARE UNCONSTITUTIONAL AS APPLIED TO THE 2005 CANDIDATE QUESTIONNAIRE

39.     Plaintiffs reallege the preceding paragraphs.

40.     Canon 3C(1) and Rule 8A  specifically require judges to recuse themselves when a "judge's impartiality might reasonably be questioned . . . ."

41.     Canon 3C(1) and Rule 8A, as applied to the 2005 Candidate Questionnaire, has the effect of chilling speech, because  judicial candidates  refrain from responding to the 2005 Candidate Questionnaire and from thereby  announcing their views on disputed legal and political issues raised in a judicial campaign for fear they must later recuse

themselves from proceedings relating to such issues. Specifically, judicial candidates have the constitutional right to announce their views on legal and political issues. *White,* 536 U.S. at 788. Likewise, the Canon and Rule chill the speech of PFI by discouraging publication of the views of candidates who do respond for fear of exposing such candidates to discipline. Moreover, they deprive Plaintiffs Ronald N. Cohen and Charles L. Stump of their right to receive information on judicial candidates' views on disputed legal and political issues. Such an effect is in violation of the First and Fourteenth Amendment rights of freedom of speech. Consequently, Canon 3C(1) and Rule 8A, as applied to the 2005 Candidate Questionnaire, impose an unconstitutional penalty on judicial candidates who exercise their constitutional right to announce their views on disputed political and legal issues and chills PFI's speech.

42. Further, Canon 3C(1) and Rule 8A, as applied to the 2005 Candidate Questionnaire, are overbroad in their scope, covering not only appropriate situations in which a judge must recuse him or herself, such as a bias concerning a party or a party's lawyer before him, but applying also to protected speech, in violation of the First and Fourteenth Amendment rights to free speech and association.

43. Because of the overbreadth of Canon 3C(1) and Rule 8A as applied to the 2005 Candidate Questionnaire, Plaintiff PFI is denied its right to receive and publish information regarding judicial candidates' personal views on contested legal and political issues, in violation of its First and Fourteenth Amendment rights to free speech and association. PFI is also denied its right to free speech because it fears that publishing the answers furnished by judicial candidates would require those judicial candidates to recuse themselves and subject them to discipline if they do not so disqualify themselves.

44. Likewise, Plaintiffs Ronald N. Cohen and Charles L. Stump are denied their right to receive information regarding judicial candidates' personal and philosophical views

on political and legal issues, in violation of thier First and Fourteenth Amendment rights to free speech and association.

**45.** Plaintiffs also complain that Canon 3C(1) and Rule 8A, as applied to the 2005 Candidate Questionnaire are unconstitutionally vague. A "statute or regulation must fail for vagueness if it 'forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning.'" *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 225 (3d Cir. 2004) (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)).

**46.** Canon 3C(1) and Rule 8A, as applied to the 2005 Candidate Questionnaire, do not adequately state when a judge's impartiality might "reasonably be questioned" since judicial candidates who wish to engage in constitutionally protected speech by announcing their views on disputed political and legal issues believe that this clause prevents them from making such announcements. Similarly, PFI believes that judicial candidates who have engaged in constitutionally protected speech by announcing their views on disputed legal and political issues would be subject to discipline if that speech were published and the candidate as judge refused to recuse; therefore, PFI will not publish those answers. As such, Canon 3C(1) and Rule 8A, as applied to the 2005 Candidate Questionnaire chills speech and is a vague, unconstitutional regulation of protected political speech and association under the First and Fourteenth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

**47.** Plaintiffs realleges the previous paragraphs.

**WHEREFORE,** Plaintiffs request this Court to:

**(1)** Declare Pennsylvania Judicial Canon 7B(1)(c) and Rule 15D(3) of the Rules Governing Standards of Conduct of District Justices unconstitutionally vague and overbroad in violation of the First and Fourteenth Amendments to the United States Constitution;

**(2)** Declare Pennsylvania Judicial Canon 7B(1)(c) and Rule 15D(3) of the Rules Governing Standards of Conduct of District Justices unconstitutionally chilling and prohibiting Plaintiffs' rights to receive and publish speech under the First and Fourteenth Amendments to the United States Constitution;

**(3)** Declare Pennsylvania Judicial Canon 7B(1)(c) and Rule 15D(3) of the Rules Governing Standards of Conduct of District Justices unconstitutional as applied to the 2005 Candidate Questionnaire on the grounds that they chill and prohibit Plaintiffs' rights to receive and publish speech under the First and Fourteenth Amendments to the United States Constitution and are vague and overbroad in violation of Plaintiffs' rights to receive and publish speech under the First and Fourteenth Amendments to the United States Constitution;

**(4)** Declare Pennsylvania Judicial Canon 3C(1) and Rule 8A of the Rules Governing Standards of Conduct of District Justices unconstitutional as applied to the 2005 Candidate Questionnaire in violation of free speech and freedom of association rights under the First and Fourteenth Amendments to the U.S. Constitution;

**(5)** Prohibit, by way of preliminary and permanent injunction, the Defendants, their agents, and successors from enforcing Pennsylvania Judicial

Canon 7B(1)(c), Rule 15D(3) of the Rules Governing Standards of Conduct of District Justices, Pennsylvania Judicial Canon 3(C)(1), and Rule 8A of the Rules Governing Standards of Conduct of District Justices. and from filing or considering complaints based on these Canons or Rules against judicial candidates who respond to the 2005 Candidate Questionnaire and all others similarly situated;

**(6)** Grant Plaintiffs' costs and attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

**(7)** Grant Plaintiffs such other relief as may be just and equitable.

Dated: October 21, 2005

/s/ Randall L. Wenger
Randall L. Wenger, Pa. #86537
Leonard G. Brown, III, Pa. #83207
Dennis E. Boyle, Pa. #49618
CLYMER & MUSSER, P.C.
23 Lime St.
Lancaster, PA 17602
Ph.: (717) 299-7101
Fx.: (717) 299-5115
*Local Counsel for Plaintiffs*

James Bopp, Jr.*, Ind. #2838-84
Thomas J. Marzen*, Ill. #3122693
Anita Y. Woudenberg*, Ind. #25162-64
BOPP, COLESON & BOSTROM
1 South 6th Street
Terre Haute, IN 47807
Ph: (812) 232-2434
Fx: (812) 235-3685
*Lead Counsel for the Plaintiffs*
*\*Pro Hac Vice Application filed October 24, 2005*

Respectfully submitted,

# VERIFICATION

**I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME AND MY ORGANIZATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.**

Dated: October 21, 2005

Michael Geer
Executive Director
PENNSYLVANIA FAMILY INSTITUTE
23 N. Front St.
Harrisburg, PA  17101-1606
Phone: (717) 545-0600
Fax: (717) 545-8107

VERIFIED COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF          -19-

# VERIFICATION

**I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.**

Dated: October 21, 2005

_____

Ronald N. Cohen
265 Hedgewick
Wrightsville, PA 17368
(717) 252-3753

**VERIFICATION**

**I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS MADE IN THE FOREGOING VERIFIED COMPLAINT CONCERNING ME AND MY ORGANIZATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.**

Dated: October 21, 2005

Charles L. Stump
105 Kelly St.
P.O. Box 286
Centre Hall, PA 16828
cstump2020@cpci.org
Fax: (814)238-1110